**Mari O. HUNTER, Individually and as Trustee of the Anne Klimowicz Irrevocable Trust, Appellant–Defendant,**

v.

**Anne KLIMOWICZ, Appellee–Plaintiff.**

**No. 45A03–0606–CV–263.**

Court of Appeals of Indiana.

Aug. 31, 2007.

---

Patrick B. McEuen, Millbranth & Bush, Valparaiso, IN, Attorney for Appellant.

Margo R. Babineaux, Meinzer & Babineaux, St. John, IN, Attorney for Appellee.

**OPINION ON REHEARING**

BAKER, Chief Judge.

We grant the petition for rehearing filed by appellant-defendant Mari O. Hunter, individually and as trustee of the Anne Klimowicz Irrevocable Trust (the Trust), for the limited purpose of correcting the test applied to evaluate the capacity of appellee-defendant Anne Klimowicz to execute the Trust. In our opinion, we evaluated Anne's capacity pursuant to Indiana Code section 30–4–2–10(c), which provides that to create an irrevocable trust, the settlor must "be of sound mind and have a reasonable understanding of the nature and effect of the act and the terms of the trust." As Hunter points out in her petition, however, this section of the statute did not exist until the statute was amended in January 2006. Inasmuch as the Trust was executed in 2000, the statute is not the

correct tool to use to evaluate Anne's capacity.[1]

■ Instead, the test to be applied to a pre–2006 trust to determine the settlor's capacity is the same as that applied to testators. Specifically, it is presumed that the settlor was of sound mind. The burden is then on the challenging party to rebut that presumption by establishing that the settlor lacked capacity to know (1) the extent and value of his property, (2) those who are the natural objects of his bounty, and (3) their deserts, with respect to their treatment and conduct toward him. *Gast v. Hall*, 858 N.E.2d 154, 164 (Ind.Ct.App.2006).

■ Here, the trial court determined, and we agree, that Anne successfully rebutted that presumption. Without retreading a significant amount of the ground covered in our opinion, we note that Dr. Simaga testified that at the time Anne executed the Trust, she was having difficulty with communication and understanding written and spoken language. He further testified that, at that time, she could not have fully understood a complicated legal document. Appellant's App. p. 140–47. Additionally, when someone showed Anne the Trust documents bearing her signature at a later date, she did not recall the meeting and was perplexed when she noticed her signature. *Id.* at 25–28. Giv-

en this evidence, we are persuaded that the trial court properly concluded that Anne met her burden of establishing that she lacked sufficient capacity to execute the Trust.

In all other respects, we deny Hunter's petition for rehearing.

ARDEN, J., concurs.

ROBB, J., dissents with opinion.

ROBB, Judge, dissenting.

For the reasons set forth in my original concurring in result opinion, I dissent from the majority's conclusion on rehearing that under the pre–2006 test, Anne met her burden of establishing that she lacked sufficient capacity to execute the Trust. As I previously noted, I do not believe Anne rebutted the presumption that she was of sound mind when she created the Trust, as the testimony shows that Anne did know the extent and nature of her property, the natural objects of her bounty, and their desserts. Therefore, I would reverse the decision of the trial court.

---

1. We note that Hunter has not raised this issue until now, on rehearing. The trial court did not explicitly reference the statute but it clearly applied the rule when it concluded, in part, that Anne did not have "the soundness of mind at the time of the execution of the Agreement, and leading up to the Agreement[,] to understand the nature of the document that she signed." Appellant's App. p. 12. Hunter did not argue that the trial court should have applied a different standard. Even more compelling, Anne explicitly discussed and relied upon the statute in her Appellee's Brief, and Hunter's response to that argument merely concluded that the evidence was insufficient to meet the capacity standard as enunciated by the statute. Nowhere did Hunter contend that the statute did not apply.